18198—Mary M. Gehring v. The Schuster Co. et al; error to the Court of Appeals of Geauga county. Petition in error dismissed. No constitutional question involved. Marshall, C. J., Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., Concur.

## MOTION DOCKET

17921—Benjamin Kaufman v. The Cincinnati Traction Co. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled.

18047—The Fairbanks Steam Shovel Co. v. J. N. Kinney. Motion for an order directing the Court of Appeals of Marion county to certify its record. Overruled.

18052—Pearl Drew v. John Monreal. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Settled and dismissed by consent of parties.

18091—William L. Symons v. Frederick B. Eichelberger. Motion by defendant to dismiss petition in error. Overruled.

18142—James C. Davis, Agent U. S. Railroad Administration, v. I. N. Price & Co. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled.

18173—The New Waterford Savings & Banking Co. v. Charles Frank. Motion for an order directing the Court of Appeals of Montgomery county to certify its record. Overruled.

18179—Edward M. Ballard v. State ex rel Campbell, Prosecuting Attorney. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Dismissed by plaintiff in error at his own costs.

18180—George F. Krug et al v. Mary Roberts et al. Motion for an order directing the Court of Appeals of Montgomery county to certify its record. Overruled.

18180—George F. Krug et al v. Mary Roberts et al. Motion by defendant to dismiss petition in error. Sustained.

18183—The Richland Public Service Co. v. Reno Cicolona. Motion for an order directing the Court of Appeals of Richland county to certify its record. Overruled.

18184—R. R. Maxwell v. Edwin D. Ford. Motion for an order directing the Court of Appeals of Richland county to certify its record. Sustained.

18193—Albert J. Schuholz v. Anna Walker et al. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Sustained.

18197—The Acorn Supply Co. v. The Ohio Seamless Tube Co. Motion for an order directing the Court of Appeals of Richland county to certify its record. Overruled.

18198—Mary M. Gehring v. The Schuster Co. et al. Motion for an order directing the Court of Appeals of Geauga county to certify its record. Overruled.

18198—Mary M. Gehring v. The Schuster Co. et al. Motion by defendant to dismiss petition in error. Sustained.

18199—Wm. E. Burneson et al. v. Anna Traver et al. Motion for an order directing the Court of Appeals of Richland county to certify its record. Overruled.

18211—The Union News Co. v. Ella G. Freeborn. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Sustained.

18219—The Trumbull Cliffs Furnace Co. v. Joseph Shockovsky. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Sustained.

## SYLLABI OF CASES DECIDED LAST WEEK

### No. 1

COSTAKIS v. YORKVILLE (Vil.)

874.—ORDINANCES—The provisions of 4224 G.C. as to reading, voting upon and seconding municipal ordinances in passing them, are mandatory.

2. If minutes show that by three-fourths vote, the three readings on different days was dispensed with, and three readings same day be permitted, statute is complied with although not referred to.

No. 17855—Steve Costakis v. Village of Yorkville. Error to the Court of Appeals of Jefferson county. See p. 4.

MARSHALL, C. J.

1. The provisions of Section 4224, General Code, requiring that a municipal council shall not pass an ordinance of a general nature unless it has been fully and distinctly read on three different days, and that such rule can only be dispensed with by a three-fourths vote of all members elected thereto taken by yeas and nays entered on journal, are mandatory.

2. In order to dispense with that rule of the statute and permit the three readings on the same day it is a substantial and sufficient compliance with the statute if the minutes entered on the journal show that by a three-fourths vote of all members elected to such council the requirement of reading on three different days was dispensed with, and that three readings on the same day be permitted, though it does not appear that any reference whatever was made to the statute.

Judgment affirmed.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.